UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERIEL D. WADSWORTH,

    Plaintiff,

                                            Case No. 25-10368

v.

                                            HON. DENISE PAGE HOOD

COMERICA INCORPORATED,

    Defendant.

_____/

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, DENYING AS MOOT REQUESTS FOR ALTERNATIVE AND PEREMPTORY WRITS OF MANDAMUS, ORDER OF SUMMARY DISMISSAL AND FINDING ANY APPEAL FRIVOLOUS

Before the Court is Plaintiff Jeriel D. Wadsworth's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports his claim of pauper status even though Wadsworth indicated "–" in the responses to questions regarding wages, amount of assets and monthly expenses. (ECF No. 2) The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, Plaintiff's Complaint is summarily dismissed.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may

dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff filed a Complaint against Defendant Comerica Incorporated

alleging, "Comerica Incorporated, the banking institution violated the federal laws of the U.C.C., U.S.C. and C.F.R. rules and regulations by denying and refusing to allow me to utilize a consumer credit transaction, which is backed by the full faith and credit of the United States.  The Comerica banking institution had no just cause to deny me the right of utilizing a consumer credit transaction." (ECF No. 1) The Complaint thereafter cites provisions under statutes and the C.F.R.  Plaintiff attached several blank checks, a personal account signature document, authorization of direct deposit, a Comerica Bank document entitled "Personal Services and Charges" which lists various minimum deposit requirements and various service fees, a "Business and Personal Deposit Account Contract," and a January 28, 2025 letter from Comerica Bank closing Plaintiff's account.  *Id*.

Other than attaching a copy of a letter closing Plaintiff's account, Plaintiff does not specifically allege facts supporting any action taken by Comerica Bank which violates any law, or the contract entered into by the parties.  Even viewing the allegations in a less stringent standard than those drafted by attorneys, the allegations do not state a discernable legal claim. Plaintiff "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). Plaintiff does not give Defendant fair notice of his

3

claims. These bare allegations in the Complaint, without more, do not constitute a legal claim. Plaintiff does not comply with Federal Rule of Civil Procedure 8(a) and fails to state a cognizable claim. The Complaint must be dismissed.

Accordingly, for the reasons set forth above,

IT IS ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs **(ECF No. 2)** is GRANTED.

IT IS FURTHER ORDERED that any requests for Writs of Mandamus **(ECF Nos. 5 and 6)** are DENIED as MOOT, the Court having ruled on the Application to Proceed Without Prepaying Fees or Costs.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice.

IT IS FURTHER ORDERED that the Court finds this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED: June 18, 2025